## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DON WHITTINGTON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 06-245-MJR** |
| ) | |
| **WARDEN RYKER,** *et al.*, ) | |
| ) | |
| **Respondents.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner, currently incarcerated in the Pontiac Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement and the validity of a portion of his sentence. He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the Court finds that he is, in fact, indigent. Therefore, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

Before further proceedings are ordered, a few words about the named respondents are necessary. Petitioner names as a respondent not only the warden of his prison, but also Janet Jakisch, Michael Wepsice, and the director of the Illinois Department of Corrections. However, the only proper respondent in a collateral attack is Petitioner's custodian. As stated clearly by the Seventh Circuit, "[i]f the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named." *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). *See also Cruz v. Warden of Dwight Correctional Center,* 907 F.2d 665, 665 n. 1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States

District Courts.  Because Petitioner is currently incarcerated, the only proper respondent is Warden

Ryker.  Accordingly, Janet Jakisch, Michael Wepsice, and the director of the Illinois Department

of Corrections are **DISMISSED** with prejudice as parties to this action.

Petitioner has also filed a motion for summary judgment (Doc. 9).  However, because

Respondent has not yet been served or directed to respond to this action, this motion is premature.

As such, it is **DENIED** without prejudice.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt

of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph,

12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred

to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States

Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c),

*should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED this 20ᵗʰ day of October, 2006.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**